Paul M. Murphy, OSB #84125
pmurphy@mbllp.com
James L. Buchal, OSB #92161
jbuchal@mbllp.com
MURPHY & BUCHAL LLP
2000 S.W. First Avenue, Suite 320
Portland, OR  97201
Tel:    503-227-1011
Fax:    503-227-1034

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SELECTMETRICS, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>NETRATINGS, INC.,<br><br>        Defendant. | No. CV-04-412-HA<br><br>AMENDED COMPLAINT (First) FOR BREACH OF CONTRACT<br>(JURY TRIAL DEMANDED) |

Plaintiff, SELECTMETRICS, INC., by and through its undersigned counsel, alleges as follows:

**Parties & Interests**

1.  Plaintiff, SELECTMETRICS, INC., is an Oregon corporation.

2.  Defendant, NETRATINGS, INC., is a Delaware corporation.

**Jurisdiction and Venue**

3.  This action is an action for breach of contract, and jurisdiction is conferred on this Court by 28 U.S.C. § 1332, insofar as the parties are citizens of diverse States and the amount in controversy exceeds $75,000.

Page 1     AMENDED COMPLAINT (First) FOR BREACH OF CONTRACT
          (JURY TRIAL DEMANDED)

4.      Venue is proper in this District under 28 U.S.C. §§ 1391, insofar as this is a District in which a substantial part of the events or omissions giving rise to the claim occurred, and the parties have chosen Oregon as the appropriate forum in their contract.

### First Count:   Breach of Contract

5.      On or about November 26, 2003, the parties entered into a "Hosted Service Distribution Agreement" (hereafter, the "Agreement"), a true copy of which is annexed hereto as Exhibit 1 and incorporated by reference as if set forth fully herein.  In the Agreement, plaintiff licensed certain software known as "SiteCensus" or "the Software" for distribution by defendant.

6.      Pursuant to § 2.4 of the Agreement, defendant agreed that it would not, without plaintiff's prior written consent, "copy, modify, adapt, translate, decompile, disassemble, reverse engineer, or create derivative works of the Software [that is the subject of the Agreement] or allow others to do so".

7.      On or about December 22, 2003, defendant announced that it had purchased 58% of the shares of Red Sheriff, and Australian competitor of plaintiff, and that it was obligated to acquire 100% ownership by the end of January 2004.

8.      In mid-January 2004, plaintiff learned that defendant was working with employees of Red Sheriff to translate plaintiff's software code into more human readable form so as to understand how plaintiff's software worked and exploit the valuable technical knowledge plaintiff had licensed to defendant.

9.      Defendant has breached its obligations under § 2.4 of the Agreement.

10.     Pursuant to § 6.2, defendant agreed to use its "best efforts to market and sell Licenses [to the Software] in China".

11. In January and or February 2004, defendant stopped all efforts to market the Software in China and on March 5, 2004 stopped all performance under the Agreement.

12. In February 2004, defendant assisted, caused or suffered its subsidiary RedSheriff, and specifically its CEO, to visit for two days in Beijing with Chinese clients of defendant and to describe to such clients the virtues of a technology developed by RedSheriff that was a competitive substitute for the Software.

13. Defendant took various actions to create or increase dissatisfaction with the Software among existing clients in China, including promising and then not delivering features it knew the Software did not possess and delaying full implementation of updated computer code to fix a known bug in the Software.

14. Defendant's cessation of efforts to market the Software in China and its efforts to create or to exploit dissatisfaction with the Software and to transfer its Chinese clients from plaintiff's product to RedSheriff's products breached its obligations under § 6.2 of the Agreement.

15. Pursuant to § 3 of the Agreement, defendant promised to pay royalties to plaintiff and "to guarantee a minimum royalty payment" to plaintiff.

16. Plaintiff performed all of its obligations under the Agreement and all conditions precedent to such payment.

17. Defendant has refused to make and has not made the minimum royalty payments.

18. Defendant has withheld and has not paid to plaintiff other royalties due to plaintiff that were not within the minimum royalty provisions.

19. Royalties are now due and payable, and defendants' refusal to make such payments has caused damage to plaintiff in an amount to be proved at trial.

20. Pursuant to § 11.1 of the Agreement, the Agreement was to run for one year after the effective date of November 26, 2003, unless terminated by one party for the other party's material breach upon written notice, but only if such breach were not cured within 30 days after such notice.

21. On March 5, 2004, without providing any prior written notice to plaintiff, defendant purported to terminate the Agreement and ceased all performance under the Agreement.

22. Defendant's improper termination of the Agreement damaged plaintiff in an amount to be proved at trial.

### Second Count: Attorney Fees

23. Plaintiff realleges paragraphs 1 through 22 as if set forth herein.

24. Pursuant to § 9.3 of the Agreement, defendant agreed to hold plaintiff harmless against any and all losses, including reasonable attorney fees, arising out of or in connection with its own acts in violation of the terms of § 2.

25. As set forth in the First Count, Defendant has violated § 2 of the Agreement.

26. Defendants' breach of § 2 has given rise to an obligation to indemnify plaintiff for its reasonable attorney fees incurred in connection with such violation, in an amount to be proved at or after trial.

WHEREFORE, plaintiff prays for:

A. On its First Count, for damages in an amount to be proved at trial;

      B.      On its Second Count, for its attorney fees and costs pursuant to the Agreement;

      C.      For such other and further relief as the Court may deem just and proper; and

      D.      Plaintiff makes a DEMAND FOR JURY TRIAL.

DATED: January 31, 2006.

*s/ Paul M. Murphy*
**Paul M. Murphy**, OSB #84125
**James L. Buchal**, OSB #92161
**MURPHY & BUCHAL LLP**
Tel: 503-227-1011
Fax: 503-227-1034
pmurphy@mbllp.com
jbuchal@mbllp.com

**Attorneys for Plaintiff
SELECTMETRICS, INC.**

Page 5    AMENDED COMPLAINT (First) FOR BREACH OF CONTRACT
           (JURY TRIAL DEMANDED)

CERTIFICATE OF SERVICE

Pursuant to L. R. Civ. P. 100.13(c), and F.R. Civ. P. 5(d), I hereby certify that on January 31, 2006, the foregoing **"AMENDED COMPLAINT (First) FOR BREACH OF CONTRACT (JURY TRIAL DEMANDED)"** will be electronically filed with the Court's electronic court filing system, which will generate automatic service upon all parties enrolled to receive such notice. The following named persons will be served on this date as indicated below:

☒  mailing with postage prepaid
☐  hand delivery
☐  facsimile transmission
☐  overnight delivery

| | |
|---|---|
| Richard G. Price<br>Preston Gates & Ellis LLP<br>222 SW Columbia Street, Suite 1400<br>Portland, OR  97201-6632<br>Fax (503) 248-9085 | Elizabeth Goldberg<br>Bryan Cave LLP<br>1290 Avenue of the Americas<br>New York, NY  10104<br>Fax (212) 541-1497 |

DATED:  January 31, 2006.

*s/ Carole A. Caldwell*
Carole A. Caldwell

Page 1     CERTIFICATE OF SERVICE