**Richard G. Price, OSB #98146**
Email: rprice@prestongates.com
PRESTON GATES & ELLIS LLP
222 SW Columbia Street, Suite 1400
Portland, OR  97201-6632
Phone:  (503) 228-3200
Fax: (503) 248-9085

**Erik W. Kahn, EK (5146)**
erik.kahn@bryancave.com
**Elizabeth J. Goldberg, EJG (3373)**
ejgoldberg@bryancave.com
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
Phone: (212) 541-1143
Fax:    (212) 541-1497

Attorneys for Defendant NetRatings, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| SELECTMETRICS, INC., | : | |
| Plaintiff | : | No. CV-04-412 HA |
| | : | |
| | : | |
| v. | : | ANSWER TO AMENDED COMPLAINT |
| | : | |
| NETRATINGS, INC., | : | |
| Defendant. | : | |
| ------------------------------------------x | | |

Defendant NetRatings, Inc. ("NetRatings"), by its attorneys Preston Gates & Ellis, LLP

and Bryan Cave LLP, hereby admits, denies and alleges as and for its Answer and Counterclaim

to the Amended Complaint as follows:

1.      Denies knowledge or information sufficient to form a belief as to the allegations

set forth in paragraph 1 of the Complaint.

2.      Admits the allegations set forth in paragraph 2 of the Complaint.

- 1 -

3.      Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the Complaint, except admits that Plaintiff purports that this is an action for breach of contract, that jurisdiction of this Court for said action is founded on 28 U.S.C. § 1332, and that the matter in controversy exceeds seventy-five thousand dollars, and states that to the extent the allegations of paragraph 3 call for a legal conclusion, no response is required.

4.      Denies the  allegations set forth in paragraph 4 of the Complaint, except admits that Plaintiff purports that venue in this Court is proper under 28 U.S.C. § 1391 and further admits that Netratings and SelectMetrics, Inc. entered into an agreement entitled the Hosted Service Distribution Agreement on or about November 26, 2003 (the "Agreement"), and respectfully refers the Court to the Agreement for its terms and contents and denies any allegations inconsistent therewith, and states that to the extent the allegations of paragraph 4 call for a legal conclusion, no response is required.

5.      With respect to the allegations set forth in paragraph 5 of the Complaint, Defendant respectfully refers the Court to the Agreement for its terms and contents and denies any allegations inconsistent therewith.

6.      With respect to the allegations set forth in paragraph 6 of the Complaint, Defendant respectfully refers the Court to the Agreement for its terms and contents and denies any allegations inconsistent therewith.

7.       Denies the allegations set forth in paragraph 7 of the Complaint, except admits that on or about December 22, 2003, Defendant issued a press release which announced that it had acquired RedSheriff's majority shareholder's "58 percent stake in RedSheriff" and that

"RedSheriff's shareholder agreement requires NetRatings to offer to purchase all remaining RedSheriff shares . . . ."

      8.     Denies the allegations set forth in paragraph 8 of the Complaint, except denies knowledge and information sufficient to form a belief as to what Plaintiff learned in mid-January 2004.

      9.     Denies the allegations set forth in paragraph 9 of the Complaint.

      10.     With respect to the allegations set forth in paragraph 10 of the Complaint, Defendant respectfully refers the Court to the Agreement for its terms and contents and denies any allegations inconsistent therewith.

      11.     Denies the allegations set forth in paragraph 11 of the Complaint.

      12.     Denies the allegations set forth in paragraph 12 of the Complaint, except states that Richard Webb, who became the President of Asia-Pacific/Latin America for NetRatings, visited Beijing in February of 2004 and met with certain customers of NetRatings.

      13.     Denies the allegations set forth in paragraph 13 of the Complaint.

      14.     Denies the allegations set forth in paragraph 14 of the Complaint.

      15.     With respect to the allegations set forth in paragraph 15 of the Complaint, Defendant respectfully refers the Court to the Agreement for its terms and contents and denies any allegations inconsistent therewith.

      16.     Denies the allegation set forth in paragraph 16 of the Complaint.

      17.     Denies the allegations set forth in paragraph 17 of the Complaint.

      18.     Denies the allegations set forth in paragraph 18 of the Complaint.

      19.     Denies the allegations set forth in paragraph 19 of the Complaint.

20.    With respect to the allegations set forth in paragraph 20 of the Complaint, Defendant respectfully refers the Court to the Agreement for its terms and contents and denies any allegations inconsistent therewith.

21.    Denies the allegations set forth in paragraph 21 of the Complaint, except admits that by letter dated March 5, 2004, Defendant notified Plaintiff that it was terminating the Agreement and further states that Plaintiff rejected Defendant's termination of the Agreement.

22.    Denies the allegations set forth in paragraph 22 of the Complaint.

23.    Repeats and realleges the responses to paragraphs 1 through 22 of the Complaint as if fully pleaded here.

24.    With respect to the allegations set forth in paragraph 24 of the Complaint, Defendant respectfully refers the Court to the Agreement for its terms and contents and denies any allegations inconsistent therewith. inconsistent therewith.

25.    Denies the allegations contained in paragraph 25 of the Complaint.

26.    Denies the allegations contained in paragraph 26 of the Complaint.

PLAINTIFF'S PRAYER FOR RELIEF

With respect to paragraphs A through C of Selectmetrics, Inc.'s prayer for relief, NetRatings hereby responds as follows:

1.    States that paragraph A of plaintiff's prayer for relief contains no allegations of fact for which a response is required; and denies that plaintiff is entitled to any damages in any amount.

2.    States that paragraph B of plaintiff's prayer for relief contains no allegations of fact for which a response is required; and denies that plaintiff is entitled to any attorneys' fees and costs of suit in any amount.

4

3.      States that paragraph C of plaintiff's prayer for relief contains no allegations of fact for which a response is required; and denies that plaintiff is entitled to any other or further relief of any kind in this lawsuit.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to states a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of good faith and fair dealing.

## AS AND FOR A  FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A  FIFTH AFFIRMATIVE DEFENSE

In the event that it is determined that NetRatings failed to perform any of its obligations under the Agreement, such failure is excused as a result of Plaintiff's breach of its contractual obligations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is barred, in whole or in part, by the Agreement.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Plaintiff's termination of the Agreement.

5

<u>AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claim for damages are barred, in whole or in part, by the doctrine of payment.

<u>AS AND FOR A NINTH AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to mitigate damages, if any.

## **COUNTERCLAIM FOR ATTORNEYS' FEES AND COSTS**

Defendant NetRatings alleges the following counterclaim:

1.      Defendant NetRatings, Inc. ("Netratings") is a corporation organized under the laws of the Delaware, having its principle place of business in New York, New York.

2.      Upon    information    and    belief,    Plaintiff    Selectmetrics,    Inc. ("SelectMetrics") is an Oregon corporation, located and doing business at 921 SW Washington Street, Suite 800, Portland, OR 97205

3.      This Court has jurisdiction over this compulsory counterclaim pursuant to 28 U.S.C. §1367 because this counterclaim is so related to the claims in the action that they form part of the same case or controversy.

4.      Venue is proper in this District under 28 U.S.C. § 1391(b) because, upon information and belief, SelectMetrics resides in this District.

5.      On or about November 26, 2003, NetRatings and Selectmetrics entered into a Hosted Service Distribution Agreement (the "Agreement").

6.      Under the Agreement, SelectMetrics granted NetRatings a right to distribute computer software known as SiteCensus.

6

7.      Selectmetrics has alleged that NetRatings has breached various provisions of the Agreement and has instituted this lawsuit seeking relief from NetRatings.

8.      SelectMetrics, Inc. has further alleged that pursuant to section 9.3 of the Agreement, NetRatings has an obligation to indemnify and hold harmless Selectmetrics, Inc. for its reasonable attorneys fees in connection with NetRatings' alleged breach of section 2 of the Agreement.

9.      NetRatings has denied all liability for losses, if any, or for any other harm allegedly suffered by Selectmetrics.

10.      If NetRatings is the prevailing party in this litigation, it is entitled to recover its attorneys' fees, costs and disbursements incurred in this suit pursuant to ORS 20.075 et seq.

**WHEREFORE**, NetRatings respectfully requests that this Court enter judgment in its favor as against Plaintiff as follows:

(a)      dismissing the Complaint in its entirety with prejudice;

(b)      awarding NetRatings its attorneys' fees, expert witness fees, and costs, including expenses and disbursements, arising in connection with this lawsuit.

(c)      awarding NetRatings such other, further and different relief as the Court deems just and proper.

7

Dated: New York, New York
         February 9, 2006

                              BRYAN CAVE LLP

                              By: _____
                                    Elizabeth Goldberg (EJG 3373)

                                    1290 Avenue of the Americas
                                    New York, New York 10104
                                    (212) 541-2000

                                    *Attorneys for Defendants*


TO:    MURPHY & BUCHAL LLP
        2000 S.W. First Avenue, Suite 320
        Portland, Oregon  97201

C062189-0137474/1105161v2
page 8-  ANSWER TO AMENDED COMPLAINT